1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM SOTO,

11             Plaintiff,                    No. CIV S-08-2687 GGH P

12        vs.

13   JORDAN, et al.,

14             Defendants.              ORDER; and FINDINGS AND

15   _____/     RECOMMENDATIONS

16             Plaintiff is a prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C.

17   § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.

18   This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20             Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22             Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's trust account.  These payments shall be collected and

1

1  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3         The court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8  U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

22  standard, the court must accept as true the allegations of the complaint in question, Hospital

23  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

24  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

25  McKeithen, 395 U.S. 411, 421 (1969).

26  \\\\\

1    Named as defendants are Yolo County Superior Court Judge Warriner and Yolo

2   County Deputy District Attorney Jordan.  Plaintiff alleges that on October 1, 2008, he was

3   arrested for possession for sales in Yolo County.  At that time, he had a warrant for his arrest

4   from Sonoma County.  On October 3, 2008, plaintiff was arraigned in Yolo County.  On October

5   20, 2008, plaintiff was supposed to have his preliminary hearing.  Instead, on that date,

6   defendants ordered his release to Sonoma County.  Plaintiff argues that defendants violated his

7   right to due process because he did not waive time.  As relief, plaintiff seeks money damages.

8    "It has long been established that judges are absolutely immune from liability for

9   acts 'done by them in the exercise of their judicial functions.'" Miller v. Davis, 521 F.3d 1142,

10  1145 (9th Cir. 2008)(quoting Bradley v. Fisher, 80 U.S. (13 Wall.), 335, 347 (1981).  "A state

11  prosecutor is entitled to absolute immunity from liability under § 1983 for violating a person's

12  constitutional rights when he or she engages in activities 'intimately associated with the judicial

13  phase of the criminal process.'" Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003)(quoting

14  Imbler v. Pachtman, 424 U.S. 409, 430, 96 S.Ct. 984 (1976)).

15   The acts alleged by plaintiff against defendant Judge Warriner involve an exercise

16  of his judicial function.  The acts alleged by plaintiff against defendant Jordan involve his

17  participation in the judicial phase of the criminal process.  Both defendants are immune from

18  suit.  Because it does not appear that plaintiff can cure these pleading defects, this action is

19  dismissed.[1]

20   IT IS HEREBY ORDERED:

21   1. The Clerk shall assign this case to a district judge as the presiding judge along

22  with the undersigned as the referral judge;

23  \\\\\

24

25   [1]Moreover, it appears that plaintiff would have this court interfere with ongoing state
   criminal proceedings in Sonoma County.  Younger v. Harris, 401 U.S. 37, 41, 91 S.Ct. 746, 27
26  L.Ed.2d 669 (1971).  Dismissal on this ground would also be appropriate.

3

1    2.  Plaintiff's request for leave to proceed in forma pauperis is granted; and

2    3.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

3  All fees shall be collected and paid in accordance with this court's order to the Sonoma County

4  Sheriff's Department.

5    In accordance with the above, IT IS HEREBY RECOMMENDED that this action

6  should be dismissed for failure to state a colorable claim for relief.

7    These findings and recommendations are submitted to the United States District

8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

9  days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

12  shall be served and filed within ten days after service of the objections.  The parties are advised

13  that failure to file objections within the specified time may waive the right to appeal the District

14  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  DATED: November 21, 2008

16

17    /s/ Gregory G. Hollows

18    GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE

19

20

21  soto2687.dis

22

23

24

25

26